IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUY W. NELSON,

                Plaintiff,

      v.

TRANSGUARD INSURANCE COMPANY
OF AMERICA, INC.,

                Defendant.

OPINION AND ORDER

13-cv-854-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Guy W. Nelson contends that defendant Transguard Insurance Company of America, Inc., his insurer, owes him benefits under an occupational accident and medical costs insurance policy. Jurisdiction is present under 28 U.S.C. § 1332 because the parities have diverse citizenship and the amount in controversy exceeds $75,000.

Defendant has moved for summary judgment, alleging that plaintiff failed to give it timely notice of his claims, in violation of Wis. Stat. § 631.81(1), and that plaintiff failed to wait 60 days after submitting his "proof of loss" before filing this lawsuit, as required under Wis. Stat. § 631.83(4). In addition to these procedural arguments, defendant contends that it is entitled to summary judgment on the merits.

Although defendant has not shown that it is entitled to summary judgment under § 631.81(1), it is entitled to dismissal of the lawsuit because the undisputed facts show that plaintiff failed to wait the required length of time before filing this lawsuit under §

1

631.83(4).  Because I cannot yet determine whether plaintiff is able to cure the defect, this dismissal will be without prejudice.  Further, because plaintiff's lawsuit is procedurally barred, defendant's arguments on the merits are moot.  Accordingly, defendant's motion for summary judgment will be granted in part and denied in part.

From the parties' proposed findings of fact, I find that the following facts are undisputed.

## UNDISPUTED FACTS

In 2009 and 2010, plaintiff was a truck driver and mover, working as an independent contractor with Graebel Moving and Storage.  On January 5, 2010, plaintiff was working on a move contracted through Graebel when a large object fell from the moving truck and struck him in the head or neck.  (The parties say that the object was a microwave, safe or similar object.)  On January 23, 2010, plaintiff experienced a stroke that left him unable to do his job.  Plaintiff's doctor believes that plaintiff's head injury from the January 5 accident may have been a cause of his stroke.

Through his contract with Graebel, plaintiff was insured for temporary and continuous disability and for medical costs associated with on-the-job injuries.  On January 25, 2010, a Graebel representative, Craig Reineking, was notified of plaintiff's disability.  He requested the cancellation of plaintiff's policy that same day.  On May 26, 2010, plaintiff contacted Reineking about his injuries and told him that he believed the stroke was caused

by the accident on January 5.  Reineking did not tell plaintiff that he had insurance coverage. (Neither party explains how plaintiff became aware of his insurance coverage.)

In September 2012, plaintiff contacted defendant's representative, asking for proof that he was covered by one of their policies.  During that phone conversation, plaintiff said that he had been injured on the job and had suffered a stroke.  On December 10, 2012, plaintiff's attorney wrote to defendant to inform it of plaintiff's accident and injury.  He attached a letter from plaintiff's doctor in which the doctor stated that it was his opinion to a reasonable degree of medical probability that plaintiff's January 5 head injury "could be a reasonable explanation" for his January 23 stroke.  Dkt. #25, exh. 5, at 4.  On December 12, 2012, plaintiff's attorney filed a lawsuit against defendant, as well as plaintiff's employer and other insurance companies.  After the other parties were dismissed from the suit, defendant removed it to this court.

Plaintiff is a citizen of Wisconsin, and defendant is incorporated and maintains its headquarters in Illinois.  Plaintiff was in his mid-fifties at the time of his accident; his potential benefits are $400 per week from the time of disability through age 65, exceeding $75,000, exclusive of interests and costs.


OPINION

A.  Notice

The parties have assumed that Wisconsin law applies to plaintiff's claims, so I will do the same.  FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 283 (7th Cir. 2002)

3

("[A]ctually there's no discussion of choice of law issues, and so we apply the law of the forum state."). Under Wisconsin law, "notice or proof of loss [must be] furnished as soon as reasonably possible and within one year after the time it was required by the policy," but "failure to furnish . . . notice [of claims] or proof [of loss] within the time required by the policy does not invalidate or reduce a claim unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit." Wis. Stat. § 631.81(1).

The statute appears to say that failure to provide notice and proof of loss within one year after the time provided in the policy invalidates the insured's claims and that only claims provided between the policy deadline and a year afterward are valid, provided the insurer is not prejudiced. However, the Wisconsin Supreme Court has not read the statute this way. Rather, it has held that when an insured's notice is filed more than a year after the policy deadline, there is a rebuttable presumption of prejudice to the insurer, but the claim is salvageable if the plaintiff overcomes this presumption. Gerrard Realty Corp. v. American States Insurance Co., 89 Wis. 2d 130, 146-47, 277 N.W.2d 863, 872 (1979) ("[S]ec. 631.81 does not address situations, as in the instant case, where notice is given more than one year after the time in which notice is required by the policy provisions. Thus, we hold that where notice is given more than one year after the time required by the policy, there is a rebuttable presumption of prejudice and the burden of proof shifts to the claimant to prove that the insurer was not prejudiced by the untimely notice."); Neff v. Pierzina, 2001 WI 95, ¶ 43, 245 Wis. 2d 285, 301, 629 N.W.2d 177, 185 (quoting Gerrard approvingly). See also Guaranty Bank v. Chubb Corp., 538 F.3d 587, 590 (7th Cir. 2008) (acknowledging that

4

"[t]here is nothing in section 631.81(1), upon which the court relied [in Gerrard], about burden of proof," but concluding that it was bound by Wisconsin Supreme Court's holding). Because I am bound by the Wisconsin Supreme Court's interpretation of Wisconsin statutes, I will follow its reading.

Plaintiff's insurance policy required him to produce notice no later than 30 days after injury, unless it would have been unreasonable for him to have provided notice by that date. Plaintiff does not contend that doing so would have been unreasonable, but he believes that he gave timely notice; defendant denies that he did.  Defendant alleges that it received notice of plaintiff's claims more than a year after February 2010, on December 10, 2012, when it received plaintiff's letter.  Plaintiff says that his May 2010 conversation with Reineking constitutes notice of his claims because, he says, Reineking acted as an agent of defendant under the doctrine of apparent authority.  Mared Industries, Inc. v. Mansfield, 2005 WI 5, ¶ 22, 277 Wis. 2d 350, 367, 690 N.W.2d 835, 844 ("[A]pparent authority binds a principal to acts of another who reasonably appears to a third person to be authorized to act as the principal's agent, because of acts of the principal or agent if the principal had knowledge of those acts and acquiesced to them.").

Plaintiff says Reineking's authority was "apparent" because Reineking had canceled plaintiff's policy in January 2010, after plaintiff notified him of his disability.  However, plaintiff does not explain why it was reasonable for him to infer that Reineking's instruction to the insurance company to cancel a policy is evidence that Reineking has authority to bind the insurance company with respect to benefits.  He does not say, for example, that

Reineking promised to submit a claim or act on either his or defendant's behalf. Without such a showing, he has failed to show that he had a reasonable belief that Reineking had authority to act for defendant or that the May 2010 conversation qualified as notice of the claim.

Plaintiff concedes that if the May 2010 conversation is insufficient to constitute notice to defendant, he did not furnish notice until his December 10, 2012 letter. Having found the May 2010 conversation inadequate as notice, I conclude as a matter of law that plaintiff provided notice of his claims no earlier than December 10, 2012, which is considerably more than one year after his stroke and the policy's deadline for notice. Wis. Stat. § 631.81(1).

The remaining question is whether plaintiff's tardiness caused prejudice to defendant. Gerrard Realty Corp., 89 Wis. 2d at 146-47, 277 N.W.2d at 872. As the claimant, plaintiff bears the burden of proving a lack of prejudice to the insurer. Id. ("[When] notice is given more than one year after the time required by the policy, there is a rebuttable presumption of prejudice and the burden of proof shifts to the claimant to prove that the insurer was not prejudiced by the untimely notice."). "Prejudice to the insurer in this context is a serious impairment of the insurer's ability to investigate, evaluate, or settle a claim, determine coverage, or present an effective defense, resulting from the unexcused failure of the insured to provide timely notice." Neff, 2001 WI 95, at ¶ 44.

As plaintiff argues, defendant has been able to defend itself in this lawsuit. Nothing in its arguments on the merits demonstrates that it was prejudiced in any way as a result of

the delay in notice. <u>Anderson v. Aul</u>, 2014 WI App. 30, ¶ 16, 353 Wis. 2d 238, 251, 844 N.W.2d 636, 643 ("[T]here are no facts to show that [defendant] is not in the same position it would have been in with respect to the Andersons' underlying claim [had there not been delay in notice] . . . . ").

Defendant says that it was not able to interview witnesses soon after the January 5 accident.  (It also argues that it does not know who the witnesses are or how to contact them, though plaintiff alleges that he provided a list of possible witnesses from the employees who worked on January 5, 2010 in that location.)  However, defendant does not allege that it ever intended to argue that plaintiff's workplace accident did not occur or that it did not occur in the way plaintiff has alleged.  Perhaps defendant believes it does not have sufficient evidence to pursue those arguments, but defendant has not made that argument, and I cannot assume it.  Further, during the two years of litigation between the parties, defendant has not attempted to interview the witnesses to see whether they remember the incident.  Thus, defendant has not refuted plaintiff's arguments that the delay was not prejudicial or explained why any delay in interviewing witnesses might result in a different outcome in court or settlement.  <u>Fireman's Fund Insurance Co. of Wisconsin v. Bradley Corp.</u>, 2003 WI 33, ¶ 63, 261 Wis. 2d 4, 40, 660 N.W.2d 666, 684 ("Even if the lack of timely notice placed the Insurance Company in a difficult litigation position, the clear and uncontroverted evidence in the record is that the timing of Bradley's notice would not have changed the Insurance Company's decision to deny its duty to defend."); <u>International Flavors & Fragrances, Inc. v. Valley Forge Insurance Co.</u>, 2007 WI App. 187, ¶ 20, 304 Wis.

2d 732, 745, 738 N.W.2d 159, 165-66 (". . . [Defendant] again fails to tell us whom it might have questioned or what it might have asked.  As such, defendant is essentially asking us to find prejudice based on delay alone . . . .").

Defendant also argues that it was not able to obtain a medical examination of plaintiff during the first two years after his injury.  It stands to reason that a prompt medical examination would assist defendant if it intended to argue that plaintiff's disability was not the result of the stroke or that the stroke was not the result of the moving accident. However, defendant does not allege that it ever intended to make either of these arguments or why a medical examination now would be insufficient.  In fact, in the two years this case has been pending, defendant has not asked plaintiff to undergo an examination, so it is unclear whether a medical exam conducted now would be insufficient for determining the cause of plaintiff's injury and disability.  Defendant has not argued that it would.  Anderson, 2014 WI App. 30, at ¶ 16.

In response to plaintiff's arguments that defendant has not shown *how* it is prejudiced by unavailable witnesses or a delayed medical exam, defendant argues that it is not required to do so because the burden is plaintiff's.  However, it has not rebutted plaintiff's arguments or identified any way in which it might have handled plaintiff's claims differently. "[D]efendant is essentially asking [the court] to find prejudice based on delay alone," International Flavors & Fragrances, Inc., 2007 WI App. 187, at ¶ 20, which is a strategy rejected by Wisconsin courts.  Id.; Rentmeester v. Wisconsin Lawyers Mutual Insurance Co., 164 Wis. 2d 1, 9, 473 N.W.2d 160, 164 (Ct. App. 1991) (approving court's finding of no

prejudice when defendant failed to state why it believed outcome of proceeding would have been different if it had been able to participate earlier in process); cf. Maryland Casualty Co. v. Wausau Chemical Corp., 809 F. Supp. 680, 695 (W.D. Wis. 1992) (concluding that plaintiff met burden under similar Wisconsin statute, Wis. Stat. § 632.26, because "by limiting their efforts to denying coverage, and giving no indication that they would ever conduct an investigation or participate in negotiations until coverage was decided, the insurers cannot be heard to say at this point that prompter notice would have caused them to act differently").

Therefore, I cannot conclude that defendant is entitled to judgment as a matter of law.  Plaintiff has adduced sufficient evidence to raise a material dispute of fact whether potentially unavailable witnesses and a delayed medical examination caused actual prejudice to defendant, and defendant has failed to show that plaintiff's position is without merit. Fireman's Fund Insurance Co. of Wisconsin, 2003 WI 33, at ¶ 59 ("Whether there was prejudice is typically a question of fact.  However, summary judgment may be granted on the issue of prejudice because of an insured's untimely notice when no genuine issue as to material fact exists and one party is entitled to judgment as a matter of law.").  Accordingly, summary judgment must be denied with respect to this issue.

B.  Waiting Period

Under Wis. Stat. § 631.83(4), which applies to insurance claims lawsuits, "[n]o action may be brought against the insurer on an insurance policy to compel payment

thereunder until at least 60 days after proof of loss has been furnished as required by the policy or such proof of loss has been waived, or the insurer has denied full payment, whichever is earlier." Wis. Stat.§ 631.83(4).  In other words, an insured person must wait to file suit until at least 60 days after he has provided his insurer with the "proof of loss" required by his policy.

Defendant says that it still has not received all the documentation that "proof of loss" requires.  The policy does not define "proof of loss," but it says that for the purposes of "proof of loss," the insurer "may require . . . [a] copy of the 'insured person's' driver logs, [v]erification from the 'insured person's' 'contract carrier' that the 'insured person' was 'under dispatch' at the time of the 'accident' . . . , medical documentation . . . , . . . an Attending Physician's Statement form . . . , [a] copy of the police report . . . , . . . results of any post accident drug and/or alcohol test."  Gonzalez Dec., dkt. #19, exh. 4, at 14. Plaintiff argues that he gave defendant "proof of loss" in September 2012 when he called defendant's customer service department to request confirmation that he was covered under the policy, but he has adduced no evidence that this conversation provided the kind of information that defendant might seek as "proof of loss."  In any event, plaintiff had not notified defendant of his claim before this time, so defendant had not yet had the opportunity to request any particular form of "proof of loss."  I conclude as a matter of law that plaintiff did not provide "proof of loss" in September 2012.

The parties dispute whether plaintiff's December 10, 2012 letter, containing a detailed description of plaintiff's injury and his doctor's letter, constitutes "proof of loss,"

10

but, even if I agree that this letter suffices, it does not help plaintiff.  Plaintiff filed suit two days later, on December 12, 2012, which is clearly less than 60 days after he filed his alleged proof of loss and therefore not in compliance with the waiting period required by Wis. Stat. § 631.83(4).

Plaintiff argues that it was proper for him to file suit on December 12 because he did not have to wait for a coverage determination before filing suit.  This argument is confusing.  It is true that the 60-day waiting period does not apply if the insurer denies coverage, but that is not what happened here.  As of December 12, 2012, defendant had not given plaintiff any decision about his claims and had not denied coverage.

Plaintiff contends that defendant forfeited an argument under Wis. Stat. § 631.83(4) because it did not raise the waiting period defense in its answer.  However, plaintiff does not explain why the waiting period should be treated as an affirmative defense.  (Indeed, he raises this argument in a footnote, without explanation and without citation to authority.)  Other Wisconsin statutes that require plaintiffs to provide notice and wait to file suit are treated as conditions precedent to suit, not affirmative defenses that require defendants to plead them in their answers.  E.g., Schultz v. Sykes, 2001 WI App. 255 ¶ 57, 248 Wis.2d 746, 789-90, 638 N.W.2d 604, 624 (statute requiring notice and opportunity to correct alleged libel is condition precedent for libel suits, not affirmative defense); Mannino v. Davenport, 99 Wis. 2d 602, 614, 299 N.W.2d 823, 828 (1981) (notice of injury statute for claims against government "imposes a condition precedent to the right to maintain an action" and defendant is not required to plead it as affirmative defense) (quoting Nelson v.

11

American Employers' Insurance Co., 262 Wis. 271, 276, 55 N.W.2d 13 (1952)). Plaintiff does not explain why these principles should not apply in this case. (I note that requirements like this one are not "jurisdictional," as defendant argues. Cf. Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) ("Failure to exhaust administrative remedies does not deprive a court of jurisdiction."); Elm Park Iowa, Inc. v. Denniston, 92 Wis. 2d 723, 728-29, 286 N.W.2d 5, 9 (Ct. App. 1979) ("trial court had subject matter jurisdiction, but [not] personal jurisdiction" when statutory condition of notice of claim was not pleaded)).

Finally, plaintiff argues that the waiting period statute does not have a penalty provision, so his violation should not result in dismissal. However, the effect of a failure to comply with Wis. Stat. § 631.83(4) is clear from the words of the statute: "[n]o action may be brought" without adherence to the waiting period. Further, Wisconsin courts have held that the appropriate remedy for violating similar statutes is dismissal of the suit. Elm Park Iowa, Inc., 92 Wis. 2d at 728-29, 286 N.W.2d at 9 (trial court correct to dismiss suit when plaintiff had not pleaded that it provided timely notice of claim). Therefore, I conclude that Wis. Stat. § 631.83(4) requires dismissal of this suit.

Defendant argues that this dismissal should be with prejudice to plaintiff's refiling of the suit on the ground that the statute of limitations now bars plaintiff's claim. Under Wis. Stat. § 631.83(1)(b), plaintiff had three years after the date his "proof of loss" was due in which to file suit, which was on or around May 24, 2013.

However, dismissals like this one are always without prejudice for good reason. Once this court has determined that the plaintiff's suit is procedurally barred, it is premature to address questions of how and whether the statute of limitations might apply to bar plaintiff's case. Cf. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. If Ford were to file such a suit in federal court the statute of limitations might provide a good defense, but that question should be worked out directly and not be preempted by a dismissal with prejudice. We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). In this case, for example, defendant waited until well past the statute of limitations deadline before raising its argument for dismissal, an argument that had been available to defendant since the date of filing in December 2012. It remains a question whether equitable tolling or estoppel would bar a statute of limitations defense under such circumstances. Therefore, I cannot conclude at this time that defendant is entitled to judgment. Accordingly, plaintiff's case will be dismissed without prejudice.


ORDER

IT IS ORDERED that defendant Transguard Insurance Company of America, Inc.'s motion for summary judgment, dkt. #17, is GRANTED in part. Plaintiff Guy W. Nelson's case is DISMISSED without prejudice for his failure to adhere to the waiting period requirements set forth at Wis. Stat. § 631.83(4). Defendant's motion is DENIED in all

other respects.

Entered this 4th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge